UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CENTRAL NEW YORK LABORERS' HEALTH
AND WELFARE, PENSIONS, ANNUITY
AND TRAINING FUNDS, by Janet M Moro,
as Fund Administrator; OSWEGO LABORERS'
LOCAL 215 PENSION FUND, by David Henderson,
as Administrator; and LABORERS' INTERNATIONAL
UNION OF NORTH AMERICA, LOCAL UNION
NO. 633, by Gabriel M. Rosetti, III, as Business Manager,

                                Plaintiffs,        5:09-CV-0509
                                                   (GTS/GJD)

v.

FIVE STAR CONSTRUCTION SERVICES, INC.;
ANGELO COKER, Individually and as an Officer
of Five Star Construction Services, Inc.; and
STEVEN COKER, Individually and as an Officer
of Five Star Construction Services, Inc.,

                                Defendants,

_____

APPEARANCES:                             OF COUNSEL:

BLITMAN & KING, LLP                    JENNIFER A. CLARK, ESQ.
  Counsel for Plaintiffs
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, NY 13204

HON. GLENN T. SUDDABY, United States District Judge

## <u>MEMORANDUM-DECISION and ORDER</u>

      Currently before the Court in the above-captioned action are (1) Plaintiffs' motion for

partial reconsideration of this Court's Decision and Order of June 18, 2010 ("June Order"), and

(2) their renewed motion for attorney's fees and costs incurred thus far in collecting the amounts

owed to Plaintiffs by Defendants in this action.  (Dkt. Nos. 18.)[1]  For the reasons set forth below, Plaintiffs' motion for partial reconsideration is denied; and their renewed motion for attorney's fees and costs is granted in part and denied in part.

## I.      MOTION FOR PARTIAL RECONSIDERATION

Motions for reconsideration in this Court are governed by Local Rule 7.1(g) of the Local Rules of Practice for this Court.  As an initial matter, the Court notes that the June Order was entered on June 18, 2010, and Plaintiffs filed their motion for reconsideration on July 14, 2010. Plaintiffs' motion is therefore denied as untimely.  *See* N.D.N.Y. L.R. 7.1(g) ("Unless Fed. R. Civ. P. 60 otherwise governs, a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree.").

In any event, even if the Court were to consider the merits of Plaintiffs' motion for reconsideration, the Court would deny that motion as without cause.  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A district court may, however, properly reconsider its previous ruling if (1) there is an intervening change in the controlling law, (2) new evidence not previously available comes to light, or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice.  *Stewart Park & Res. Coalition, Inc. v. Slater*, 374 F. Supp.2d 243, 253 (N.D.N.Y. 2005) (Treece, M.J.).

---

[1]      Among other things, the June Order denied Plaintiffs' request for attorney's fees without prejudice and directed Plaintiffs' counsel to produce, within thirty days, documentation, including contemporaneous time records and expense calculations, that accurately reflect the hours expended in this action.  *Cent. New York Laborers' v. Five Star Constr. Serv., Inc.*, 09-CV-0509, 2010 WL 2545151, at *3-5 (N.D.N.Y. June 18, 2010) (Suddaby, J.).  The Court also determined that the appropriate attorney and paralegal hourly rate in an ERISA collection action is $210 and $80, respectively.  *Cent. New York Laborers*, 2010 WL 2545151, at *4.

Here, Plaintiffs have failed to establish the existence of any of the above factors.  Instead, in Plaintiffs' memorandum of law,[2] they merely attempt to relitigate certain points that this Court previously decided in the June Order.[3]  For each of these two alternative reasons, Plaintiffs' motion for reconsideration is denied.

## II.    RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS

### A.    Number of Hours Reasonably Expended on this Action

In the June Order, the Court refused to award Plaintiffs' attorney's fees because the Court was unable to determine the amount of time that Plaintiffs' counsel spent thus far in collecting the amounts owed to Plaintiffs by Defendants in this action.  *Cent. New York Laborers*, 2010 WL 2545151, at *4.  As noted above, Plaintiffs' have since submitted documentation in an effort to address this issue.

However, upon review of Plaintiffs' counsel's billing statements, the Court finds that certain time entries recorded by both counsel and counsel's paralegals are vague, duplicative, and/or excessive.  For example, the Court finds that the following entries reflect an excessive amount of time spent on the task indicated:

| Date | Employee | Hours | Amount | Description |
|---|---|---|---|---|
| 11/18/2009 | JAC | 1.70 | 419.00 | Worked on attorney affidavit, paralegal affidavit, Fund affidavit, Union affidavit, Memorandum of law, Narrative of legal services, and notice of motion for default judgment, worked on Exhibits |

---

[2]    Plaintiffs' memorandum of law in support of their motion for reconsideration does not include a table of contents, which is required under the Local Rules of Practice for this Court. *See* N.D.N.Y. L.R. 7.1(a).

[3]    The Court notes that parts of Plaintiffs' argument in their memorandum of law in support of their motion for reconsideration are identical and copied verbatim from arguments previously raised in their memorandum of law in support of their motion for default judgment.

3

| 11/25/2009 | JAC | 1.0 | 247.00 | Worked on attorney affidavit, paralegal affidavit, Memorandum of law, Order, 214 Pension Fund affidavit, Union affidavit, CNYLF affidavit and Narrative of legal services on motion for Judgment |
|---|---|---|---|---|
| 12/03/2009 | JAC | 1.0 | 247.00 | Worked on attorney affidavit, paralegal affidavit, Memorandum of law, CNY Laborers Fund affidavit, 214 Pension Fund affidavit, Order, Notice of Motion, Narrative of fees and memorandum of law on motion for judgment. |
| 12/08/2009 and | JAC | .60 | 148.20 | Researched contractual right to attorney fees and costs under LMRA, recovery of fees costs under ERISA for services to collect delinquencies in violation of contract, lodestar rate for community and ERISA action, and case law supporting Funds' right to recoup costs of collection |

The Court finds that these billing entries reflect an excessive amount of time spent on the task indicated because, among other things, Plaintiffs' counsel was counsel for a group of plaintiffs in *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, (N.D.N.Y. Dec. 4, 2009) (Scullin, J.), a different, but nearly identical, ERISA action. In both cases, Plaintiffs' counsel submitted affidavits, memorandum of law, and other documents that were almost identical. For instance, Point I, II, and III of Plaintiffs' memorandum of law in support of their motion for default judgment in this case is copied verbatim from the memorandum of law in support of the motion for default judgment in *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*. To further illustrate, as indicated by the billing entry above, dated 12/08/2009, Plaintiffs' counsel billed for researching issues such as "lodestar rate for community and ERISA action," and "recovery of fees and costs under ERISA for services to collect

4

delinquencies in violation of contract."  The Court, however, notes that Plaintiffs' counsel previously addressed these same issues in *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*.  Therefore, to compensate counsel twice for the same work would allow for a "double recovery," which would obviously be inappropriate.

Furthermore, the Court finds that some of Plaintiffs' time entries are so vague as to hinder the Court's ability to determine whether the amount of time spent on the particular task was reasonable.  Time records should enable the court to determine the nature of the tasks performed and the amount of time reasonably required to perform those tasks.  *Mr. X. v. New York State Educ. Dept.*, 20 F. Supp.2d 561, 564 (S.D.N.Y. 1998).  Vague or incomplete time entries justify a reduction in the amount of attorney's fees awarded.[4]

Finally, the Court finds that the submitted billing records contain entries that are not sufficiently specific and do not adequately describe the nature of the work performed.  For example, some of the entries are described as "worked on memorandum of law," "drafted affidavits," or "drafted letters to [various individuals]."  (Dkt. No. 18, Attach. 2.)  These time entries do not provide a detailed description of the services performed; rather, they contain a boilerplate explanation that was copied and pasted verbatim throughout the billing statements. (*Id*.)  In addition, some of the entries are questionable because they appear to include tasks that are not relevant to the ERISA action.

---

[4]     *See F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1265 (2d Cir. 1987); *Ragin v. Harry Macklowe Real Estate Co.*, 870 F. Supp. 510, 520 (S.D.N.Y. 1994) (declining to award fees for entries described as "research for brief," "research for and draft brief," "draft and edit brief," "telephone conference" or "review files"); *Orshan v. Macchiarola*, 629 F. Supp. 1014, 1019-20 (E.D.N.Y. 1986) (declining to award a fee for hours documented with vague descriptions like "review correspondence" or "prepare correspondence").

The district court is embodied with broad discretion to independently review and assess the reasonableness of the hours worked by attorneys.  *Gatti v. Community Action Agency of Greene County, Inc.*, 263 F. Supp.2d 496, 518 (N.D.N.Y. 2003) (Treece, M.J.).  It is well-settled that case law disallows fee requests for hours that are "excessive, redundant, or otherwise unnecessary."  *Gatti*, 263 F. Supp.2d at 518 (quotation marks and citation omitted).  "Rather than sift through the submitted time sheets, the Court can 'exclude excessive and unreasonable hours from its fee computation by making an across-the-board reduction in the amount of hours.'"  *Id*. (*Luciano v. Olsten Corp.*, 109 F.3d 111, 117 [2d Cir. 1997]) (noting that "[t]he courts within the Second Circuit have exercised this authority and have reduced fees accordingly").[5]

Based on the vague, duplicative, and/or excessive nature of the time entries, the Court finds that an across-the-board reduction of twenty percent of Plaintiffs' application for attorney's fees and costs is appropriate.

**B.      Fee Amount Due to Plaintiffs for Attorney's Fees**

Plaintiffs' counsel has submitted a billing statement for expenses amounting to $9,525.61. (Dkt. No. 18, Attach. 2.)  This amount, however, includes attorney and paralegal fees that were based on unreasonable rates, services performed that appear to be duplicative, and other costs incurred by Plaintiffs' counsel.  Therefore, the Court adjusts Plaintiffs' fee request by first calculating the lodestar figure (using the reasonable rates previously determined in the June

---

[5]      *See also Mr. X.*, 20 F. Supp.2d at 564 (holding that 20% reduction to account for vague, incomplete, and duplicative time entries was appropriate); *General Electric Co., v. Compagnie Euralair, S.A.*, 96-CV-0884, 1997 WL 397627, at *4-6 (S.D.N.Y. July 3, 1997) (holding that 50% reduction to correct for excessive and duplicative hours billed was appropriate); *United States v. Gehl*, 93-CR-0300, 1996 WL 31315, at * 3 (N.D.N.Y. Jan. 23, 1996) (McCurn, J.) (noting that reduction in attorney's fees by $20,000.00 was appropriate because "the work performed appears to be duplicative, and the time spent on a considerable portion of the services rendered excessive").

Order), and then subtracting twenty percent of that figure to account for the excessive and/or vague time entries.

In computing the lodestar figure, the Court multiplies the amount of hours that counsel and counsel's paralegals expended on this case by the reasonable hourly rates for ERISA actions in this district (previously determined to be $210.00 per hour for an attorney and $80 per hour for a paralegal). *See Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *3-4. In doing so, the Court arrives at a figure of $6,654.00.[6] As a result, and after making the twenty percent reduction for deficiencies in the billing statements, the total amount due to Plaintiffs for attorney's fees is $5,323.20.[7]

### C.     Fee Amount Due to Plaintiffs for Costs

In the June Order, the Court noted that Plaintiffs are entitled to recover the costs associated with this litigation, including copying costs, facsimile costs, filing fees, postage and delivery costs, costs associated with services of the summons and complaint, and computer research costs. *Cent. New York Laborers*, 2010 WL 2545151, at *3-4. However, the Court denied Plaintiffs' request for costs without prejudice and directed them to file documentation that accurately depicts the expenses associated with this action. *Id.* at *4-5.

Plaintiffs' have not submitted additional documentation in an effort to address this issue. (*Compare* Dkt. No. 15, Attach. 3, at 21, *with* Dkt. No. 18, Attach. 2, at 13.) Instead, Plaintiffs simply resubmit their request of $933.06 for litigation expenses, which includes copying costs,

---

[6]     Plaintiffs' counsel's total billed hours (24.2) multiplied by $210 equals $5,082.00, and counsel's paralegals' total billed hours (19.65) multiplied by $80 equals $1,572.00, and $5,082.00 plus $1,572.00 equals $6,654.00.

[7]     $6,654.00 multiplied by 20% equals $1,330.80, and $6,654.00 minus $1,330.80 equals $5,323.20.

facsimile costs, filing fees, costs associated with services of the summons and complaint, and

computer research costs.  (Dkt. No. 18, Attach. 2, at 13.)  After carefully reviewing the submitted

billing statement, the Court notes, as it did in the June Order, that the costs may suffer from the

same problems as the contemporaneous time records.  For example, Plaintiffs' counsel requests

$358.80 for copying costs but does not disclose information such as the per-page charge for

copying.  (Dkt. No. 18, Attach. 2.)  In other words, Plaintiffs' counsel has neither explained the

costs nor provided this Court with useful information to determine whether the charges are

reasonable.  Without this information, the Court is unable to determine how Plaintiffs' counsel

arrived at the amounts requested and whether those requests are reasonable.  As a result, as it did

with regard to Plaintiffs' attorney's fees, the Court applies an across-the-board deduction of

twenty percent of the amount requested and accordingly awards Plaintiffs $746.45 for costs.[8]

## III.   DAMAGES

In its June Order, the Court concluded that "Plaintiffs have met their burden of

establishing a valid basis for the damages [with respect to Plaintiffs' First, Second, Fourth and

Fifth Causes of Action], and that default judgment against Defendants, awarding Plaintiffs

$62,406.56 in damages, is appropriate." *Cent. New York Laborers*, 2010 WL 2545151, at *3.

However, the Court refrained from "enter[ing] final judgment for the total amount that

Defendants owe Plaintiffs [on those causes of action] . . . in the amount of $62,406.56" until the

Court had "an opportunity to review Plaintiffs' counsel's submission with regards to attorney's

fees and costs, [and] . . . calculate the appropriate attorney's fees award."  *Id*. at *5, n.14

[emphasis removed].  Because the Court has now had the opportunity to calculate the appropriate

---

[8]        $933.06 multiplied by 20% equals $186.61, and $933.06 minus $186.61 equals
$746.45.

8

attorney's fees and costs (*see supra*, Parts II.B. and II.C. of this Decision and Order), the Court enters final judgment for Plaintiffs against Defendants on Plaintiffs' First, Second, Fourth and Fifth Causes of Action in the total amount of $68,476.21, which is derived from adding together the damages award of $62,406.56, the attorney's fees award of $5,323.20, and the costs award of $746.45.

## IV.    RETENTION OF JURISDICTION

As explained in the Court's June Order,

> [T]he Court shall retain jurisdiction in this matter until Plaintiffs complete their audit of Defendants' books and records. After completion of the audit, Plaintiffs may move for entry of judgment against Defendants for any and all contributions and deductions that are determined to be due as a result of the audit, plus the applicable interest thereon, liquidated damages, costs and expense of collection, the cost and expense of such audit fees, and attorney and paralegal fees associated therewith.

*Cent. New York Laborers*, 2010 WL 2545151, at *5.   More specifically, the Court shall retain jurisdiction in this action until ninety (90) days after Plaintiffs complete the audit described in the Court's Decision and Order of June 17, 2010.  *Id*. at *1, 3, 5 & n.1.[9]  Within ninety days of their completion of the audit, Plaintiffs may move to reopen this action and request the entry of judgment against Defendants for any and all contributions and deductions that are determined to be due as a result of the audit, plus the applicable interest thereon, liquidated damages, costs and expense of collection, the cost and expense of such audit fees, and attorney and paralegal fees associated therewith.  Otherwise, Plaintiffs must pursue any remedies available to them in

---

[9]    The Court's rationale for the limited duration of its retention of jurisdiction is that, if within the referenced ninety-day period, Plaintiffs have made no effort to pursue their claims against Defendants in this action, Plaintiffs can, and would, be deemed to have failed to diligently prosecute those claims for purposes of Fed. R. Civ. P. 41(b), based on a balancing of the five factors described by the Second Circuit in *Hevner v. Village East Towers, Inc.*, No. 07-5608, 2008 WL 4280070, at *1-2 (2d Cir. Sept. 18, 2008).

connection with the audit through the filing of a separate action.  Finally, the Court directs that the audit (which the Court directed occur more than six months ago) must be completed within sixty (60) days of the date of this Decision and Order.

      **ACCORDINGLY**, it is

      **ORDERED** that Plaintiffs' motion for partial reconsideration (Dkt. No. 18) is **DENIED**; and it is further

      **ORDERED** that Plaintiffs renewed motion for attorney's fees incurred thus far in collecting the amounts owed to Plaintiffs by Defendants in this action (Dkt. No. 18) is **GRANTED in part** and **DENIED in part**, such that Defendants owe Plaintiffs **FIVE THOUSAND THREE HUNDRED TWENTY-THREE DOLLARS AND TWENTY CENTS ($5,323.20)** in attorney's fees and **SEVEN HUNDRED FORTY-SIX DOLLARS AND FORTY-FIVE CENTS ($746.45)** in costs; and it is further

      **ORDERED** that Plaintiffs' motion for entry of a default judgment against Defendants with regard to Plaintiffs' First, Second, Fourth and Fifth causes of action (Dkt. No. 15) is **GRANTED with respect to damages**, in the amount of **SIXTY-TWO THOUSAND FOUR HUNDRED SIX DOLLARS AND FIFTY-SIX CENTS ($62,406.56)**; and it is further

      **ORDERED** that the Clerk's Office is directed to enter Final Judgment for Plaintiffs against Defendants in the amount of **SIXTY-TWO THOUSAND FOUR HUNDRED SIX DOLLARS AND FIFTY-SIX CENTS ($62,406.56)** in damages; and in the amount of **FIVE THOUSAND THREE HUNDRED TWENTY-THREE DOLLARS AND TWENTY CENTS ($5,323.20)** in attorney's fees and **SEVEN HUNDRED FORTY-SIX DOLLARS AND FORTY-FIVE CENTS ($746.45)** in costs for a total amount of **SIXTY-EIGHT THOUSAND FOUR HUNDRED SEVENTY-SIX DOLLARS AND TWENTY-ONE CENTS ($68,476.21)**, and close this action; and it is further

**ORDERED** that the Court shall retain jurisdiction over this action until **NINETY (90)**

**DAYS** after Plaintiffs complete their audit of Defendants' books and records, described in the

Court's Decision and Order of June 17, 2010 (Dkt. No. 17); within ninety days of their

completion of the audit, Plaintiffs may move to reopen this action and request the entry of

judgment against Defendants for any and all contributions and deductions that are determined to

be due as a result of the audit, plus the applicable interest thereon, liquidated damages, costs and

expense of collection, the cost and expense of such audit fees, and attorney and paralegal fees

associated therewith; finally, the audit must be completed within **SIXTY (60) DAYS** of the date

of this Decision and Order.

Dated: January 19, 2011
            Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge